114 So.2d 926

**Bill MIMS et al.**

v.

**Ada DURHAM, as Administratrix.**

**5 Div. 715.**

Supreme Court of Alabama.

Oct. 8, 1959.

Omar L. Reynolds and Reynolds & Reynolds, Clanton, for appellants.

A. B. Foshee, Clanton, for appellee.

LAWSON, Justice.

The appeal is from a decree overruling demurrers to a bill in equity, as amended.

The original bill was filed by Ada Durham in her individual capacity and as executrix of the estate of Lula Mims against Bill Mims and The Bank of Thorsby, Inc., a corporation. After demurrer to the original bill was sustained, the complaint was amended by striking Ada Durham in her individual capacity as a party complainant, by adding Leroy B. Martin as a party respondent, and by adding Paragraphs 10–15 to the stating part of the bill. Demurrers to the bill as amended being overruled, the respondents Bill Mims and The Bank of Thorsby have appealed to this court.

Equity Rule 11, Code 1940, 'Title 7, Appendix, requires the bill to contain a clear and orderly statement of facts on which the suit is founded without prolixity or repetition.

We are of the opinion that the grounds of demurrer which took the point that the averments of the bill are repetitious, uncertain and repugnant are well taken and should have been sustained.

The ultimate purpose of the bill seems to be payment of funeral expenses out of funds which at the time of the death of complainant's intestate were on deposit in The Bank of Thorsby in the name of Bill Mims or Lula Mims. Lula Mims is the complainant's intestate.

The stating part of the original bill contains Paragraphs numbered 1 through 7.

The amendment filed after demurrers to the original bill were sustained commences: "Now comes the Complainant in the above styled cause, Ada Durham, Administratrix of the estate of Lula Mims, and asks leave of the Court to amend the complaint as heretofore filed by adding the following:" The foregoing opening paragraph is followed by Paragraphs numbered 8 through 15, a prayer for process, and this concluding sentence: "That they adopt the prayer of the original bill as the prayer to this amendment."

Paragraph 8 of the amendment strikes Ada Durham in her individual capacity as a party complainant. Paragraph 9 of the amendment makes Leroy B. Martin a party respondent. Martin appears to be the undertaker who buried complainant's intestate. Why he is made a party to the bill does not appear.

In Paragraphs 10 through 14 of the amendment the complainant repeats many of the same averments as contained in the stating part of the original bill. However, some of the averments of Paragraphs 10 through 14 are repugnant to the averments of the original bill. Yet it is not contended that the amendment can operate as a substitute bill.

In Paragraph 15 of the amendment the complainant propounds interrogatories.

In addition to being unduly repetitious, the bill as amended is subject to the grounds of the demurrer mentioned above because of, the uncertainty of averments contained therein. It is unclear and in fact the averments of the amended bill seem to be repugnant in regard to whether the respondent Bank or the respondent Mims is claimed to be a trustee of the funds which were on deposit in the Bank at the time of Lula Mims' death or whether both are claimed to be trustees. There is uncertainty as to whether complainant claims to be entitled to all of the funds which were on deposit or only to the extent of the amount due the undertaker, Martin. There is no consistency of averment in regard to the holder of the funds at the time the bill was filed. There is an averment to the effect that discovery is necessary to ascertain whether the respondent Bank or the respondent Mims is in possession of the funds, and yet there is a positive averment that the funds are held by the Bank.

We have given careful consideration to the bill as amended and are so uncertain as to its averments that we feel constrained to hold that the demurrers should have been sustained on the grounds heretofore mentioned.

The decree of the trial court overruling the demurrers is reversed and one will be here rendered sustaining the demurrers. The complainant is given thirty days from the date on which the certificate of the Clerk of this court reaches the Register of the County Court of Chilton County, Alabama, in equity, within which to amend if she be so inclined.

Reversed, rendered and remanded.

STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.